**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1275

ROBERT B. YOE; PAUL MICHAEL YOE; GLENDA STUART; JEANNINE
SHOUP; JOY MAYNARD; JEFFREY S. YOE; JAMES D. YOE,

        Plaintiffs - Appellants,

    v.

BRANCH BANKING AND TRUST COMPANY, a North Carolina
corporation,

        Defendant - Appellee.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  Gina M. Groh,
District Judge. (3:13-cv-00173-GMG)

Submitted: October 30, 2014          Decided: November 12, 2014

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard W. Weston, WESTON LAW OFFICE, Huntington, West Virginia,
for Appellants.  William L. Hallam, Andrew H. Baida, ROSENBERG
MARTIN GREENBERG, LLP, Baltimore, Maryland; David A. Barnette,
Ryan J. Aaron, JACKSON KELLY PLLC, Charleston, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert B. Yoe, Paul Michael Yoe, Glenda Stuart, Jeannine Shoup, Joy Maynard, Jeffrey S. Yoe, and James D. Yoe, (collectively "Beneficiaries") sued Branch Banking and Trust Company ("BB&T") alleging violations of the Racketeer Influenced and Corrupt Organizations Act and a claim of common law fraud, regarding BB&T's role in assisting Robert S. Hill, Jr., the executor of the estate for Harry W. Yoe.  Beneficiaries appeal the district court's order granting BB&T's motion to dismiss raising a single issue: whether the district court erred by dismissing Plaintiffs' state common law fraud claim as time-barred.  We have reviewed the parties' briefs, the materials submitted on appeal, and the district court's order, and find no reversible error.  Accordingly, we affirm for the reasons stated by the district court.  Yoe v. Branch Banking & Trust Co., No. 3:13-cv-00173-GMG (N.D.W. Va. Feb. 25, 2014).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED